IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY GABEAU, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 18-cv-2114-SMY-RJD |
| WILLIAM STARNES, FAYETTE COUNTY CIRCUIT COURT, and FAYETTE COUNTY, ILLINOIS | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Protective Order and Discovery Dispute Conference (Doc. 62). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**Background**

Plaintiff Courtney Gabeau initiated this action on November 21, 2018 alleging violations of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. Plaintiff alleges she was subjected to vulgar, humiliating, severe and pervasive harassment, and unwelcome sexual advances throughout her employment by her supervisor, Defendant Starnes. Plaintiff alleges she was jointly employed as a secretary by Defendants Fayette County, Illinois and Fayette County Circuit Court. Plaintiff further alleges Defendant Starnes was also jointly employed by Defendants Fayette County Circuit Court and Fayette County, Illinois.

In the motion now before the Court, Defendants ask the Court to enter a protective order to limit Plaintiff's Rule 30(b)(6) deposition topics, and prevent Defendants' Rule 30(b)(6)

deponents from answering questions that have already been answered by various individuals, or, according to Defendants, are otherwise objectionable.

Plaintiff asserts Defendants' redundancy objection is not valid and any witnesses that have already answered questions relating to these topics were not designated to testify at the time as representatives of Fayette County or the Circuit Court. Plaintiff also contends the requested testimony is necessary to prove she and Defendant Starnes were jointly employed by Fayette County and Fayette County Circuit Court.

## **Discussion**

Federal Rule of Civil Procedure 30(b)(6) authorizes litigants to name a business entity or governmental agency as a deponent. Doing so triggers a duty upon the organization to designate an individual to testify on its behalf, while setting forth the matters upon which the individual will testify. *See* FED. R. CIV. P. 30(b)(6). The designated witness "must testify about information known or reasonably available to the organization." *Id.* A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98-C-3952, 2000 WL 116082, *9 (Jan. 24, 2000, N.D. Ill.) (citation omitted). The deponent is, in effect, "speaking for the corporation." *Id.* Thus, the deponent must testify to both the facts within the knowledge of the organization and the organization's opinions and subjective beliefs, including the organization's interpretation of events and documents. *Id.*

Here, many of Defendants' objections to Plaintiff's Rule 30(b)(6) deposition topics argue the topic is redundant and has already been answered. While that may be the case, an individual's deposition testimony as to a certain topic is not necessarily imputed to Defendants Fayette County, Illinois or Fayette County Circuit Court. Indeed, Defendants have not cited, nor can the Court

find, any authority that prevents a party from questioning a Rule 30(b)(6) deponent about matters that have already been answered by other individuals. Moreover, in light of the apparent confusion concerning which entity employed Plaintiff and Defendant Starnes, Rule 30(b)(6) topics concerning the hiring and employment of Plaintiff and Defendant Starnes is particularly relevant. Accordingly, Defendant Fayette County, Illinois' objections to topics 4, 5, 6, 7, 9, 12, 14, 16, 17, 19, 24, 25, 26, 27, and 29 are **OVERRULED**, and Defendant Fayette County Circuit Court's objections to topics 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 15, 16, 18, 21, 25, 26, 27, and 28 are **OVERRULED**.

With regard to the remaining deposition topics to which the Circuit Court objected, the Court finds as follows:

**Topic 10**: Defendant's objection is **SUSTAINED IN PART**. The Rule 30(b)(6) deponent may testify as to what knowledge the Circuit Court had concerning comments made to Plaintiff by Defendant Starnes as alleged in ¶¶ 20-30.

**Topic 17**: Defendant's objection is **SUSTAINED**.

**Topic 22**: Defendant's objection is **OVERRULED**. Plaintiff has pled that the Circuit Court was Plaintiff's joint employer and, as such, it shall provide information as requested that is within its knowledge.

**Topic 23**: Defendant's objection is **OVERRULED**. Plaintiff has pled that the Circuit Court was Plaintiff's joint employer and, as such, it shall provide information as requested that is within its knowledge.

**Topic 24**: Defendant's objection is **OVERRULED**. Plaintiff has pled that the Circuit Court was Plaintiff's joint employer and, as such, it shall provide information as requested that is within its knowledge.

**Topic 30**: Defendant's objection is **OVERRULED**.

With regard to the remaining deposition topics to which Fayette County objected, the Court finds as follows:

**Topic 1**: Defendant's objection is **SUSTAINED IN PART**. The Rule 30(b)(6) deponent for the County may be questioned on the identity of each person involved in the decision to hire Plaintiff.

**Topic 2**: Defendant's objection as to vagueness is **SUSTAINED**.

**Topic 11**: Defendant's objection is **SUSTAINED IN PART**. The Rule 30(b)(6) deponent may testify as to what knowledge the County had concerning comments made to Plaintiff by Defendant Starnes as alleged in ¶¶ 20-30.

**Topic 18**: Defendant's objection is **SUSTAINED**.

**Topic 31**: Defendant's objection is **OVERRULED**.

For the foregoing reasons, Defendants' Motion for Protective Order and Discovery Dispute Conference (Doc. 62) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED: March 3, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**