IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY GABEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2114-SMY |
| | ) |
| WILLIAM STARNES, an individual in | ) |
| both his individual and official capacity, | ) |
| FAYETTE COUNTY CIRCUIT COURT, | ) |
| FAYETTE COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Courtney Gabeau filed a three-count amended complaint against William Starnes, in his individual and official capacities, the Fayette County Circuit Court and Fayette County, Illinois alleging employment discrimination pursuant to Title VII of the Civil Rights Act, as amended, 42.U.S.C. §2000e *et seq.*, the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* and the Equal Protection Clause, 42 U.S.C. § 1983. The case is now before the Court for consideration of Defendants' Motion to Dismiss (Doc. 42). Plaintiff filed a Response (Doc. 44). For the following reasons, the Motion is **GRANTED in PART** and **DENIED in PART**.

### Background

Plaintiff makes the following relevant allegations in the Amended Complaint: Plaintiff began working for Fayette County Circuit Court ("Circuit Court") in August 2015 as a secretary in the Circuit Clerk's office. Plaintiff's job duties included creating and filing documents, maintaining client files, and typing and editing reports and motions. Fayette County Circuit Court

and Fayette County, Illinois ("Fayette County") jointly served as Plaintiff's employers – both controlled her job duties and office assignments, but Fayette County issued her pay.

On December 1, 2016, Plaintiff was transferred to work as a secretary for the Public Defender's office. Her job duties were similar to the duties she had as a secretary for the Circuit Clerk's Office. Plaintiff reported to Defendant Starnes, the Public Defender, who was her immediate supervisor. Starnes was also a joint employee of the Circuit Court and Fayette County. Within two weeks of Plaintiff's transfer, Starnes began to make unwanted, humiliating, and sexual comments to her during work.

After enduring months of Starnes' comments, Plaintiff reported him to the Circuit Clerk's office. Josh Morrison, the state's attorney, told Plaintiff not to return to work until further notice from him. Plaintiff subsequently met with Morrison, the Fayette County Sheriff, and the Undersheriff. She was placed on administrative leave with pay until an investigation could be completed. Morrison asked Plaintiff to contact him the following week to follow up on her return to work. After following up, Morrison told Plaintiff that Judge Kimberly Koester cleared her to return to work but that she should report to the County Clerk's office under Vicky Condor until further notice. Plaintiff returned to work on February 20, 2017. Condor told Plaintiff she wanted her to continue working for her after the investigation was complete and that she had relayed that information to Judge Koester.

About a week later, around the beginning of March 2017, Judge Koester met with Plaintiff to discuss the results of the investigation. She told Plaintiff that Starnes admitted he made the comments Plaintiff complained about. She then told Plaintiff, "You have to give Starnes another chance. He was just trying to get to know you." Judge Koester told Plaintiff she placed a "note" in Starnes' file regarding the investigation. During that meeting, Plaintiff asked Judge Koester

multiple times if she could stay with Condor.  Judge Koester told Plaintiff she could not continue working for Condor and she had to return to work for Starnes.  Plaintiff feared returning to work for Starnes and felt she had no choice but to leave her job to avoid being subjected to Starnes' comments and advances.  Plaintiff handed Judge Sheafor her resignation letter in March 2017.

Plaintiff filed her perfected sexual harassment charge with the IDHR on December 21, 2017 and cross-filed it with the EEOC (Doc. 40).  She amended the charge on April 16, 2018.  The IDHR issued a Notice of Substantial Evidence that a civil rights violation had been committed on August 24, 2018, and Plaintiff filed this lawsuit on November 21, 2018.  Count I of the Amended Complaint asserts a Title VII claim against Fayette County and the Circuit Court; Count II is a claim of sex discrimination against the defendants under the IHRA; and Count III is an equal protection claim against Starnes and Fayette County.

## Discussion

To survive a Rule 12(b)(6) motion, a plaintiff need only "nudge[ ] [her] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### Count I – Title VII Discrimination

Defendants contend that Count I should be dismissed as to the Circuit Court as it was not Plaintiff's employer.  Plaintiff contends that the Circuit Court and the County jointly employed her.  In some cases, identifying a Title VII "employer" involves ferreting out who had supervisory control, control over working conditions, and control over hiring and firing.  *See Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking, Inc.,* 176 F.3d 1004, 1008 (7th Cir. 1999).  Control is

the key. *See id., discussing EEOC v. Ill.,* 69 F.3d 167, 171 (7th Cir. 1995). Relatedly, the joint-employer issue is "fact-bound." *See Robinson v. Sappington,* 351 F.3d 317, 338 and n. 9 (7th Cir. 2003).

According to the Amended Complaint, both the Circuit Court and Fayette County controlled Plaintiff's job duties and office assignments, but Fayette County issued her pay. Plaintiff discussed the alleged sexual harassment with both Circuit Court and County employees and both entities were involved in the investigation. At the conclusion of the investigation, a circuit court judge discussed the investigative findings with Plaintiff and decided where she would be placed. Based on these allegations, the question of who controlled Plaintiff's employment cannot be determined at the pleading stage. Accordingly, Defendants' Motion is denied as to this point.

*Count II – IHRA Sex Discrimination*

As an initial matter, Defendants argue that the Circuit Court should be dismissed as a defendant because Plaintiff's IHRA claim is barred by the doctrine of sovereign immunity. Because Plaintiff concedes this issue, Defendants' Motion is granted as to this point and Plaintiff's IHRA against the Circuit Court will be dismissed with prejudice.

Defendants next argue that Plaintiff's sexual harassment claim should be dismissed for lack of jurisdiction because Plaintiff failed to bring her claims within 180 days of the alleged discriminatory conduct as required by the IHRA. The IHRA requires that a complainant file a charge in writing under oath or affirmation with the IDHR within 180 days of the date the alleged civil rights violation was committed. 775 ILCS § 7A-102(A)(1). If a party files an unperfected charge with the Department within the 180–day period and later files a perfected charge after the

period has elapsed, the perfected charge is deemed to relate back to the date the unperfected charge was filed. *See Villalobos v. F.D.L. Foods, Inc.*, 698 N.E.2d 243, 249 (1998) (collecting cases)

Plaintiff filed her unperfected IDHR charge in March 2017 (Doc. 44-1). In July 2017, the IDHR requested additional information about Plaintiff's claims. Plaintiff complied with the request and mailed a letter with additional details to the IDHR on August 5, 2017. Plaintiff's charge was perfected on December 19, 2017. Because Plaintiff filed her unperfected charge within the limitations period, her perfected charge was timely. Accordingly, Defendants' Motion is denied as to this issue.

### *Count III – Equal Protection*

Next, Defendants assert that Count III should be dismissed as to Fayette County because Plaintiff failed to bring her claim within two years of the alleged discriminatory conduct. Plaintiff argues that, pursuant to *FRCP* 15(c), her § 1983 claim against Fayette County, relates back to her original Complaint which named Starnes and the Circuit Court as defendants.

In determining whether an amended complaint relates back to the date of the original complaint, a court is permitted only two inquiries: (1) whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued the added defendant instead/or in addition to suing the named defendant; and (2) whether, even if so, the delay in the plaintiff's discovering her mistake impaired the new defendant's ability to defend himself. *Joseph v. Elan Motorsports Techs. Racing Corp.,* 638 F.3d 555, 560 (7th Cir. 2011). Here, Fayette County was aware of Plaintiff's allegations in the initial IDHR charge against it. It participated in the IDHR proceedings in which it submitted sworn statements stating that the Circuit Court was Starnes' employer (Doc. 44-6). Plaintiff subsequently amended her charge based on the information provided by Fayette County and filed this lawsuit

against Starnes and the Circuit Court. Therefore, the Court finds that Fayette County knew or should have known that it could be sued. Any delay has not prejudiced Fayette County's ability to defend itself in a lawsuit that it has known about since its inception. Defendants' Motion to dismiss Count III is therefore denied.

## Conclusion

For the foregoing reasons, Defendants' Motion is **GRANTED** as to Plaintiff's IHRA claim against Fayette County Circuit Court and otherwise **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**